**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000171**
**22-APR-2013**
**10:15 AM**

NO. CAAP-12-0000171

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE CLAIM,

EARL ROMAN,
Claimant/Appellant-Appellant,
v.
GORDON I. ITO, INSURANCE COMMISSIONER,
INSURANCE DIVISION, DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS, STATE OF HAWAI'I,
Respondent/Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0058-01)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Claimant/Appellant-Appellant Earl Roman (Roman) appeals
from the July 5, 2011 "Order Denying Claimant-Appellant Appeal
And Affirming The Insurance Commissioner's Jurisdictional
Abstention" and the February 16, 2012 "Judgment" both entered in
the Circuit Court of the First Circuit[1] (circuit court) in favor
of Respondent/Appellee-Appellee Gordon I. Ito, Insurance
Commissioner, Insurance Division, Department of Commerce and
Consumer Affairs, State of Hawai'i (Insurance Commissioner).

---

[1]     The Honorable Rhonda A. Nishimura presided.

## I.   BACKGROUND

Roman was struck by a vehicle on February 18, 2010. Government Employees Insurance Company (GEICO) insured the vehicle under a policy that included both personal injury protection (PIP) and additional personal injury protection (APIP).  The policy's terms limited PIP benefits to $10,000, which GEICO paid to Roman.  Roman also claimed $20,000 in APIP benefits.  However, GEICO asserted that under the policy language Roman was not eligible for APIP coverage, and it disputed Roman's claim for $20,000.

On August 25, 2010, Roman filed a complaint to the Insurance Division, challenging GEICO's determination that he did not qualify for APIP benefits and requesting a hearing.  The Insurance Commissioner denied Roman's hearing request, stating the Insurance Division lacked jurisdiction over Roman's claims.

On January 12, 2011, Roman filed a notice of appeal in the circuit court pursuant to Hawaii Revised Statutes (HRS) § 91-14 (2012 Repl.).  The circuit court heard oral argument on June 16, 2011.  The circuit court then entered the July 5, 2011 "Order Denying Claimant-Appellant Appeal And Affirming The Insurance Commissioner's Jurisdictional Abstention" and the February 16, 2012 "Judgment," affirming the Insurance Commissioner's decision.

Roman filed a timely notice of appeal on March 14, 2012.  On appeal, Roman contends he is entitled to an administrative hearing before the Insurance Commissioner.

## II.   STANDARD OF REVIEW

> Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. In an appeal from a circuit court's review of an administrative decision the appellate court will utilize identical standards applied by the circuit court. . . . [A]n agency's legal conclusions are freely reviewable.

Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations, 110 Hawai'i 259, 265, 132 P.3d 368, 374 (2006) (internal quotation marks and citations omitted).

## III. DISCUSSION

Pursuant to HRS § 431:10C-212 (2005 Repl.), the Insurance Commissioner's jurisdiction is limited to "review[ing] any denial of [PIP] benefits" made pursuant to HRS § 431:10C-304(3)(B). Under HRS § 431:10C-212, the Insurance Commissioner has the authority to "[a]ffirm the denial or reject the denial and order the payment of benefits as the facts may warrant," and to "assess the cost of the hearing upon either or both of the parties." HRS § 431:10C-212(c)(3), (d).

Here, GEICO did not deny Roman's claim for PIP benefits, but it refused to extend APIP coverage based on its interpretation of the insurance policy. Roman's complaint to the Insurance Division asserted that he is entitled to APIP coverage, and he raised several equitable claims. Specifically, Roman argued a portion of the policy agreement is "void as a matter of law," and the doctrines of waiver and estoppel apply against GEICO and prevent GEICO from disclaiming APIP coverage to Roman.

However, such claims are not within the Insurance Commissioner's powers of administrative review. Nothing in HRS § 431:10C-212 or in HRS Chapter 431:10C (2005 Repl.) gives the Insurance Commissioner the authority to order an insurer to provide coverage (as opposed to benefits) when the insurer disclaims coverage under the insurance policy. The Insurance Commissioner also lacks the statutory authority to provide the equitable relief Roman requested. An administrative agency can only wield powers delegated to it by the legislature, and "an agency cannot exercise general or common law powers." Preble v. Bd. of Trustees of Employees' Ret. Sys. of State of Hawai'i, 111 Hawai'i 498, 505, 143 P.3d 37, 44 (2006) (internal quotation marks omitted). Therefore, the circuit court did not err when it affirmed the Insurance Commissioner's denial of an administrative hearing.

3

## IV. CONCLUSION

The July 5, 2011 "Order Denying Claimant-Appellant Appeal And Affirming The Insurance Commissioner's Jurisdictional Abstention" and the February 16, 2012 "Judgment" both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, April 22, 2013.

On the briefs:

Christopher R. Evans
for Claimant/Appellant-
Appellant.

C. Bryan; Fitzgerald
Deborah Day Emerson
Deputy Attorneys General
for Respondent/Appellee-
Appellee.

Presiding Judge

Associate Judge

Associate Judge

4